## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JEANNE A. MCFARLAND, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 12-2135-KHV** |
| UPS GROUND FREIGHT, INC., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## <u>MEMORANDUM AND ORDER</u>

The Prudential Insurance Company of America ("Prudential") removes this action from the District Court of Johnson County, Kansas. The remaining defendants, UPS Ground Freight, Inc. and United Parcel Services, Inc. (collectively "UPS"), consent to removal. Plaintiff asserts claims under the Employee Retirement Income Security Act ("ERISA"), challenging the denial of life insurance benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), and seeking to recover a penalty for defendants' failure to comply with the disclosure requirements of 29 U.S.C. § 1132(c).[1] This matter is before the Court on the following motions: (1) <u>The Prudential Insurance Company Of America's Motion To Dismiss</u> (Doc. #13) filed April 18, 2012, in which Prudential moves to dismiss plaintiff's amended petition because plaintiff failed to exhaust administrative remedies and therefore is not entitled to assert a claim for benefits, and because Prudential is not the plan administrator and thus is not liable for statutory penalties; and (2) <u>Plaintiff's Motion For Leave To File Second Amended Complaint</u> (Doc. #35) filed July 31, 2012. For the following reasons the Court overrules Prudential's motion and sustains plaintiff's motion.

---

[1]     Plaintiff's amended petition does not separate these claims into separate counts. Her proposed amended complaint, which accompanies her motion to amend, asserts each claim in a separate count. Doc. #35-1.

## **Legal Standards**

Although Prudential does not cite any Rule of Civil Procedure as the basis for its motion to dismiss, it is clearly arguing that plaintiff has failed to state a claim upon which relief may be granted.  In ruling on such a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face.  Id. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions.  See id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991).  Plaintiff bears the burden of framing her complaint with enough factual matter to suggest that she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  Twombly, 550 U.S. at 556.  Plaintiff makes a facially plausible claim when she pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.  Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability.  Id. (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand.  Iqbal, 556 U.S. at 678.  Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not

"shown" – that the pleader is entitled to relief. Id. at 1950. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

Leave to amend is a matter committed to the sound discretion of the district court. See First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127, 1132 (10th Cir. 1987). Rule 15(a)(2), Fed. R. Civ. P., provides that leave to amend "should be freely given when justice so requires." A district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment. Wilkerson v. Shinseki, 606 F.3d 1256, 1267 (10th Cir. 2010). A proposed amendment is futile if the amended complaint would be subject to dismissal. Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007).

## **Factual Background**

The amended petition alleges the following facts:

When he died on January 31, 2007, plaintiff's husband, Toli Fuimaono, Jr., was an employee of UPS Ground Freight, Inc., formerly Overnite Transportation Company, a company of United Parcel Services, Inc. Beginning in or before December of 2004, Fuimaono participated in UPS's Supplemental Life Insurance plan that offered "basic plus 2 times pay," which means that benefits under the plan were equal to one year of the decedent's salary plus twice that amount. Fuimaono continued to participate in the Supplemental Life Insurance plan, with no changes in his election, for the remainder of his employment with UPS (which was coterminous with the end of his life).

Fuimaono was injured on the job in February of 2006, and for quite some time he was on

workers compensation and medical leave.  His physicians released him to return to work for about one week in August of 2006 and again for the last week or two before his death in January of 2007. He remained a UPS employee throughout his leave, but during that time neither he nor his wife received any communication from defendants about his Supplemental Life Insurance policy, including direct billing for premium payments or notice of lapsed coverage.  Likewise, Fuimaono received no such notice during the short periods in which he returned to work, nor did his wife receive notice following his death.[2]

After Prudential paid her $42,922.20 in total life insurance benefits – the amount of the "basic life" plan – plaintiff learned that her husband's Supplemental Life Insurance policy had been terminated.  In February of 2007, when plaintiff asked UPS about the issue, UPS told her that Fuimaono's Supplemental Life Insurance policy had lapsed for nonpayment of premiums in either August or November of 2006.  Fuimaono was entitled to but did not receive prior notice of the impending lapse, so that he could pay the premium himself.

On August 11, 2011, plaintiff's counsel made written demand for payment of $84,000, the balance which she believed was due under the Supplemental Life Insurance policy.  Plaintiff also made a request pursuant to 29 U.S.C. § 1132(c)(1)(B) for certain materials, including the name and address of the plan administrator, copies of the insurance plan and other documents.  In a letter dated September 16, 2011, Prudential told plaintiff that it had no such records because it relied on a third-party administrator, Hewitt Associates, to provide them.  Prudential gave no contact information for Hewitt Associates.  Prudential explained that plaintiff had not received benefits under Fuimaono's

---

[2]     Fuimaono received a regular paycheck for the one week he worked in August of 2006, and $12.96 was deducted from that paycheck to pay the premium for his Supplemental Life Insurance plan.  His last paycheck, dated February 24, 2007, included no such deduction.

Supplemental Life Insurance plan because it had lapsed on August 17, 2006, for non-payment of premiums. Prudential's letter stated, however, that it would further review plaintiff's claim. Prudential followed with a second letter dated September 29, 2011, in which it denied plaintiff's benefits claim because Fuimaono had not paid premiums for the plan when he went on medical leave and his coverage had therefore lapsed. According to Prudential, UPS had sent direct billings to Fuimaono. Neither of Prudential's letters included any of the documents which plaintiff had requested, and Prudential did not provide the documents at any other time.

UPS never responded to plaintiff's request for documents.

Before she filed suit in the District Court of Johnson County, Kansas in early 2012, plaintiff had no further communications with any defendant concerning Fuimaono's Supplemental Life Insurance benefits.[3]

## **Analysis**

Prudential asserts that plaintiff's claim must be dismissed because she does not allege that she exhausted administrative remedies, she in fact did not exhaust those remedies, and she is therefore precluded from bringing a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). Prudential contends that it is not liable for statutory penalties under 29 U.S.C. §1132(c) because only a "plan administrator" is liable for statutory penalties and Prudential is not the administrator of the UPS Supplemental Life Insurance plan. Plaintiff contends that she should be excused from the exhaustion requirement because defendants did not provide her with plan documents that she requested from which she could ascertain her administrative appeal rights, or alternatively because

---

[3]       Prudential removed the case after plaintiff filed an amended petition on February 8, 2012. The record does not reflect when she filed her original petition, but the docket number for the case ("12CV00883") reflects that she filed it in 2012. See Doc. #1-1 at 1.

an administrative appeal would have been futile.  Plaintiff concedes that if the plan does not name

Prudential as plan administrator, she cannot maintain a Section 1132(c) claim against it.

As a beneficiary of an employee welfare benefit plan,[4] plaintiff is entitled to bring a civil

action to recover benefits due under the plan.  29 U.S.C. § 1132(a)(1)(B).  Although ERISA contains

no explicit exhaustion requirement, case law holds that exhaustion of administrative remedies is a

prerequisite to seeking judicial relief.  E.g., Held v. Mfrs. Hanover Leasing Corp., 912 F.2d 1197,

1206 (10th Cir. 1990).  Administrative remedies are those that are company- or plan-provided.  See

id.  Because exhaustion is not statutorily imposed, courts apply the requirement as a matter of

judicial discretion and will excuse it when resort to administrative remedies would be futile or when

the remedy provided is inadequate.  McGraw v. Prudential Ins. Co. of Am., 137 F.3d 1253, 1263

(10th Cir. 1998) (citation omitted).  A beneficiary who asserts futility must show that her claim for

benefits would be denied, not just that she thinks she is unlikely to succeed.  Lane v. Sunoco, Inc.

(R & M), 260 Fed. Appx. 64, 66 (10th Cir. 2008).[5]

Because Prudential's challenge comes in a motion to dismiss, the Court limits its review to

the amended petition's well-pleaded facts, which it assumes to be true.  If plaintiff is to avoid

dismissal, however, the facts which she pleads must be legally significant and must show that she

is entitled to relief.  The  degree of specificity necessary to establish plausibility and fair notice,

however, depends on context.  Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting

---

[4]        Plaintiff does not specifically allege that the UPS Supplemental Life Insurance plan is a welfare benefit plan as defined by and subject to ERISA, see 29 U.S.C. § 1002(1), but Prudential's motion acknowledges that it is so.

[5]        In its motion, Prudential cites primarily to Eighth Circuit case law but also to other circuit and district courts.  Notably absent is a single citation to Tenth Circuit case law, the circuit in which this District Court sits.

Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

Here, the amended petition does not allege that plaintiff exhausted administrative remedies, nor does it allege that doing so would have been futile. Plaintiff does allege, however, that in August of 2011 she asked defendants to give her a number of documents, including copies of the insurance plans, and information such as the name and address of the plan administrator. No defendant complied with her request. The Court must accept those facts as true. It is plausible that the documents which plaintiff requested would have demonstrated futility because Prudential was reviewing the wrong plan documents, or because UPS had not properly notified Fuimaono of his rights with respect to continuing his Supplemental Life Insurance plan benefits or for some other reason. Accordingly, the Court overrules Prudential's motion to dismiss.

Plaintiff seeks to file an amended complaint to plead futility. Doc. #35.[6] Prudential opposes the amendment, arguing that plaintiff's factual allegations do not demonstrate that her claim for benefits would not have been denied.[7] It is too early to tell whether plaintiff or Prudential is correct, but at this point the Court has no reason to deny plaintiff an opportunity to amend her pleading. Discovery is months from closing, and allowing plaintiff to amend will cause no undue delay or undue prejudice to defendants. The Court exercises its discretion to sustain plaintiff's motion.

**IT IS THEREFORE ORDERED** that The Prudential Insurance Company Of America's Motion To Dismiss (Doc. #13) filed April 18, 2012, be and hereby is **OVERRULED**.

---

[6]     The Court notes that plaintiff's proposed amended complaint asserts the benefits claim against all defendants (Count I), but limits the statutory penalty claim to the UPS defendants (Count II). Given the Court's ruling on plaintiff's motion to amend, the Court need not address Prudential's motion to dismiss with respect to the statutory penalty claim.

[7]     UPS joins in Prudential's opposition without elaborating on the argument. Doc. #37.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Leave To File Second Amended Complaint (Doc. #35) filed July 31, 2012, be and hereby is **SUSTAINED**.  On or before **February 15, 2013,** plaintiff shall file her amended complaint.

Dated this 12th day of February, 2013, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge